# Shute *v.* Levin, Appellant.

*Contract—Sale—Warranty—Inspection of goods—Case for jury.*

In an action to recover a balance alleged to be due for 250 bales of hay sold and delivered, the case is for the jury where the evidence tends to show that the defendant went to the plaintiff's place of business for the purpose of purchasing hay; that he saw the 250 bales, and asked the plaintiff whether the hay was suitable for the feeding of horses, and was told that it was; that defendant did not inspect the hay, although only a few feet from it; that according to the plaintiff, defendant said: "I will guarantee it as good and sound hay for your horses;" that defendant according to his own testimony could not look through the hay as it was in bales, and could not test its quality by smelling it; that the hay was fed to defendant's horses, of whom a number died in consequence of their eating it; and that plaintiff after defendant complained to him as to the worthless condition of the hay removed nearly all of it not already consumed.

Even where there is no express warranty one arises by implication where the buyer makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies upon the seller's skill or judgment.

Argued Nov. 3, 1916.　Appeal, No. 273, Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., April T., 1916, No. 355, on verdict for plaintiff in case of Eugene L. Shute, trading as E. L. Shute and Company, v. N. Levin.　Before ORLADY, P. J., PORTER, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.　Reversed.

Assumpsit for goods sold and delivered.　Before WHEELER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $45.36.　Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

Opinion of the Court.   [66 Pa. Superior Ct.

*W. W. Mentzinger, Jr.,* with him *David Phillips,* for appellant.

*Robert G. Erskine,* with him *M. Hampton Todd,* for appellee.

OPINION BY TREXLER, J., March 13, 1917:

Defendant went to plaintiff's place of business for the purpose of purchasing hay. The plaintiff pointed out to him a pile of hay containing 250 bales. According to defendant's story, which we must for the purpose of this inquiry adopt, the hay was to be suitable for the feeding of horses. The defendant was distant from the pile about ten feet and made no attempt to inspect the hay, but relied entirely upon the statements of the plaintiff. It subsequently developed that the hay was unfit for food and a number of defendant's horses died in consequence of their eating it. Plaintiff after defendant complained to him as to the worthless condition of the hay removed nearly all of it not already consumed.

This suit is brought to recover the price of that portion which was not taken back by the plaintiff. The court gave binding instructions for the plaintiff. This we think was error. Defendant testified that the plaintiff stated, "I will guarantee it as good and sound hay for your horses." The plaintiff, the vendor, went to the hay, smelled it, looked it over and then guaranteed it as above stated. The defendant did not examine the hay and could not look through it as it was packed in bales. He testified that he could not by smelling the hay know anything as to its quality. He took plaintiff's word for it. The learned trial judge gave as his reason for directing the verdict for the plaintiff, "I think it is a case of caveat emptor, his eye was his market, he was buying what he saw." According to defendant's testimony this was not a case of purchasing upon inspection. We cannot take the position that a man may not obtain a warranty upon goods which he has the opportunity of inspecting. He

67, (1917).]　　　　　Opinion of the Court.

may not be expert in determining the quality of the goods purchased and therefore lack confidence in his own judgment and rely upon the opinion of the vendor and the warranty which the vendor has given in support of that opinion. The difficulty of making a satisfactory examination of 250 bales of hay is obvious. It is not conclusive of the absence of inspection but is a circumstance for consideration, for as was said in Selser v. Roberts, 105 Pa. 242, if it was inconvenient to examine all, the buyer, if still unsatisfied should have protected himself by a warranty. The latter is just what the defendant claims to have done in the case before us. If the buyer had bought on his own judgment "caveat emptor" would apply. Even where there is no express warranty one arises by implication where the buyer makes known to the seller the particular purpose for which the goods are required and it appears that the buyer relies upon the seller's skill or judgment. See Act of May 19, 1915, P. L. 543, Sec. 15, Par. 1. The court should have left to the jury to determine what the contract of the parties was. Assuming that the testimony of the defendant is true, we cannot hold as a matter of law that no valid defense was shown.

The judgment is reversed and a venire facias de novo awarded.